RATCLIFF *v.* STATE

No. 41052          December 15, 1958          107 So. 2d 728

*William E. Andrews, Jr., Jesse W. Shanks*, Purvis, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

GILLESPIE, J.

Appellant, a negro woman, was indicted, tried and convicted of cohabiting with Elsie Arrington, a white man, who was jointly indicted with appellant. Appellant was granted a severance and separately tried. The indictment was drawn under Section 2000, Mississippi Code of 1942, as amended by Chapter 241, Laws of 1956. The indictment did not charge that appellant and the man with whom she was alleged to have cohabited were persons within the degrees within which marriages are declared by law to be incestuous and void. It charged that appellant and Arrington were of different races, by reason of which fact their marriage would be "incestuous and void".

 Appellant filed a demurrer to the indictment. She also filed a plea of former acquittal in a trial before a justice of the peace where she was charged with a misdemeanor under Section 1998, Mississippi Code of 1942, the general statute denouncing adultery and fornication. The State concedes said former acquittal, but denies that such former acquittal constitutes former jeopardy; and in this contention the State is correct if appellant was sufficiently charged with a felony under Section 2000.

The State does not contend that had the trial court sustained the demurrer it could have amended the in-

dictment so as to charge that appellant and Arrington were persons within the degrees within which marriages are declared to be incestuous and void (under Sections 457 and 458, Code of 1942). The State rests its case on the contention that cohabitation between a white person and a Negro, between whom marriages are prohibited by Section 459, Mississippi Code of 1942, is punishable as a felony under Code Section 2000, without regard to whether the offending parties are prohibited by law from marrying under the incest statutes, Code Sections 457 and 458. If the State is correct, the demurrer to the indictment was properly overruled and appellant was lawfully convicted. If the State is not correct, the indictment charged no crime and the conviction was unlawful.

The sole question is whether or not Code Section 2000, as amended by Chapter 241, Laws of 1956, makes it a crime for a white person and a Negro to cohabit, or live together as husband and wife, or be guilty of a single act of adultery or fornication.

Code Section 2000, with that part added by Chapter 241, Laws of 1956, in italics, is as follows: "Persons being within the degrees within which marriages are declared by law to be incestuous and void, *or persons whose marriage is prohibited by law by reason or\* race or blood and which marriage is declared to be incestuous and void,* who shall cohabit, or live together as husband and wife, or be guilty of a single act of adultery or fornication, upon conviction shall be punished by imprisonment in the penitentiary for a term not exceeding ten (10) years."

The statutes prohibiting incestuous marriages are Code Sections 457 and 458, and by these Sections the Legislature has declared what marriages are declared to be *incestuous and void.* These statutes have nothing to do with the prohibition of marriages between white persons and persons of the negro or mongolian races; marriages between the latter being prohibited by Code

Section 459. Those marriages which the statutes declare to be *incestuous and void* are those between persons within the degrees set out in Code Sections 457 and 458. A marriage between a white person and a negro would not be incestuous; it would be miscegenetic.

It should be noted that when the legislature attempted to amend Code Section 2000, it was provided by statute that marriage between persons within the degrees stated in Code Sections 457 and 458 was punishable by Code Section 2234 by imprisonment not exceeding ten years in the penitentiary; and by the terms of Code Section 459, marriage between persons prohibited by that Section was also punishable under Code Section 2234. And before the 1956 amendment, Section 2000 denounced the crime of cohabitation, etc., between persons within the degrees within which marriages are prohibited by law as being incestuous and void. The question is whether the 1956 amendment was sufficient to make cohabitation, etc., between a white person and a negro punishable under said Code Section 2000. (of course, regardless of incestuous or miscegenetic relationships, it would constitute a crime under Code Section 1998, under which appellant was tried and acquitted.)

It presents a serious question whether or not the persons sought to be brought within the terms of Code Section 2000 by the 1956 amendment must be married to be guilty under the Statute. It is probable that the Legislature meant by use of the words ''persons whose marriage is prohibited'' to include persons who are prohibited by law from marrying; and by use of the words, ''which marriage'' to mean ''between whom marriage'' is declared, etc. Appellant and Elsie Arrington were not married, but we pass over this question and assume that the statute does not require that the offending parties be married.

The 1956 amendment requires that the cohabitation, etc., must be between persons who are prohibited

by law from marrying either because of race (misce-gentic) or blood (incestuous). If the amendment had stopped there, we would have less difficulty with the statute, but the amendment went further by adding "and which marriage is declared to be *incestuous and void.*" (Emphasis ours) The quoted phrase joined by the conjunctive "and" makes the incestuous relationship an element of the crime. This is a plain requirement of the statute. ██ It may be that the legislature intended to say "incestuous or miscegenetic and void." But this Court cannot amend the act so as to make persons subject to punishment thereunder who are not otherwise punishable by the express terms thereof.

██ It is settled law that penal statutes must be strictly construed. We must enforce the statute as written, not as we think the legislature might have intended to write it; for the question is not what the legislature intended to enact, but what is the meaning of that which it did enact. ██ For an act to constitute a crime, it must come within both the letter and spirit of the act. Of course, this does not mean that the court should be hypercritical in construing an act nor give it a strained or technical interpretation. These principles are so universally accepted that no citation of authority is necessary.

██ Actually there is no real interpretative question involved. The statute expressly provides that a marriage between appellant and Arrington must be incestuous and void. The State does not contend that any question of incestuous relationship is involved. The statutes define the relationships that are incestuous, and differences in race cannot be deemed incestuous.

For the reasons stated, the indictment did not charge a crime punishable under Code Section 2000 and the case must be reversed and appellant discharged.

Reversed and appellant discharged.

*Roberds, P. J.,* and *Lee, Kyle* and *Arrington, JJ.,* concur.