PATTERSON, Justice:
This is an appeal by Jessie James Butler from a conviction and a sentence oí two years in the state penitentiary by the Circuit Court of Lincoln County.
The appellant was indicted for feloniously escaping jail. After the case had been called and the State had announced ready for trial, the defendant’s counsel moved for the cause to be continued until the defendant was properly certified to the criminal court by the youth court of that county. This motion was overruled by the court and the defendant was tried with the result mentioned. The movant introduced evidence, which is undisputed, that he was seventeen years of age at that time.
The appellant assigns as error the action of the circuit court in overruling his motion for a continuance based upon his age. We are of the opinion that the cases of Lee v. State, 214 Miss. 740, 59 So.2d 338 (1952) and Wheeler v. Shoemake, 213 Miss. 374, 57 So.2d 267 (1952), which incidentally were not cited to the trial court nor to this Court, are controlling and require a reversal of the case. These decisions firmly establish that jurisdiction in all criminal cases, with the exception of those punishable by life imprisonment or death, is vested in the youth court of the appropriate county if the defendant is less than eighteen years of age. The Youth Court of Lincoln County was vested with jurisdiction to try this young man and in the absence of a proper certification by the youth court to *526 the circuit court, the circuit court did not have jurisdiction. See Hopkins v. State, 209 So.2d 841 (Miss.1968).
The cause is reversed and the appellant ordered held under bond pending any further action of the grand jury.
Reversed and remanded.
ETHRIDGE, C. J., and RODGERS, SMITH, and ROBERTSON, JJ., concur.