305 So.2d 351 (1974)
James Edward GRANT
v.
STATE of Mississippi.
No. 48170.
Supreme Court of Mississippi.
December 23, 1974.
Fraiser & Burgoon, W.S. Stuckey, Jr., Greenwood, for appellant.
A.F. Summer, Atty. Gen. by John C. Underwood, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
*352 PATTERSON, Justice:
James Edward Grant, thirteen years old, was adjudged a delinquent child by the Circuit Court of Leflore County and was committed to the Columbia Training School until the age of twenty-one. He now appeals that adjudication and sentence.
In November 1973 the appellant was tried in the Circuit Court of Leflore County for murder. At the conclusion of the state's case the trial court granted a directed verdict, holding the state had failed to present sufficient evidence to convict the appellant of either the crime of murder or manslaughter.
After granting the directed verdict, the appellant, being of the opinion that jurisdiction was no longer in the circuit court, sought to have the cause transferred to the Youth Court of Leflore County under the provisions of the Youth Court Law, Mississippi Code Annotated section 43-21-1 et seq. (1972). This motion was denied and the appellant and his parents were ordered to appear at a delinquency hearing held before the court sitting in the capacity of a youth court.
At this hearing the state, relying upon the evidence offered at the murder trial, presented no testimony nor was any testimony offered by the appellant. The court thereupon adjudged the appellant a delinquent child and ordered him committed to the state training school at Columbia until he is twenty-one.
The appellant now contends the circuit court, having determined as a matter of law that the appellant was not guilty of the crime charged, did not have jurisdiction to sit as a youth court. We agree with this contention.
The issue presented is not whether the circuit court had jurisdiction when the appellant was initially indicted and tried for murder. Indeed the appellant does not question that jurisdiction since it is granted to the circuit court by Mississippi Code Annotated section 43-21-31 (1972), which states inter alia:
... [T]he circuit court shall have exclusive jurisdiction of such child if he be charged with any crime which, upon conviction, is punishable by life imprisonment or death.
He does argue that when, because of the lack of evidence, the directed verdict was granted, he was entitled to be acquitted since no pending charges remained against him. Moreover, if mistaken in this thought and there remained pending offenses less than capital against him, revealed by the evidence in the murder trial, jurisdiction was exclusively within the youth court.
The issue of jurisdiction of minors involved in criminal activities has previously been before this Court. We resolved that jurisdiction, except for cases involving crimes punishable by life imprisonment or death, is vested in the youth court of the appropriate county whenever the defendant is less than eighteen years old. Butler v. State, 217 So.2d 525 (Miss. 1969); Lee v. State, 214 Miss. 740, 59 So.2d 338 (1952); Wheeler v. Shoemake, 213 Miss. 374, 57 So.2d 267 (1952). We therefore conclude that when the circuit court directed the verdict in favor of the appellant, its jurisdiction ended and it erred in not sustaining the motion to transfer the cause to the youth court of the county.
The appellant also argues that he was denied due process of law at the delinquency hearing before the circuit court because he was not informed of the charges against him. In view of our determination that the circuit court lacked jurisdiction, we find no need to explore this issue except to say that a minor is entitled to all constitutional guarantees. See In Interest of Gressett, 272 So.2d 921 (Miss. 1973).
The murder indictment was of course sufficient to initiate the trial in the circuit *353 court, but when those charges were not sustained by the evidence, there did not remain in it such definite and specific allegations required by Mississippi Code Annotated section 43-21-11 (1972) to notify the appellant of the youth court charges against him. In re Interest of Dennis, 291 So.2d 731 (Miss. 1974).
From the evidence revealed by the record we are of the opinion there was sufficient evidence for the appellant to respond to youth court charges of delinquency when and if they are properly preferred against him in that court.
Reversed and transferred to the Youth Court of Leflore County.
RODGERS, P.J., and INZER, WALKER and BROOM, JJ., concur.