334 So.2d 376 (1976)
Clarence CARTER
v.
STATE of Mississippi.
No. 49094.
Supreme Court of Mississippi.
May 25, 1976.
Rehearing Denied July 13, 1976.
Barry H. Powell, Luke Dove, Jackson, for appellant.
A.F. Summer, Atty. Gen., by Vera Madel Speakes, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, ROBERTSON and BROOM, JJ.
BROOM, Justice:
Without youth court certification, a fifteen year old juvenile (appellant Carter), was convicted of armed robbery under Mississippi Code Annotated section 97-3-79 (Supp. 1975). Trial was in the Circuit Court of the First Judicial District of Hinds County where appellant pleaded guilty and was sentenced to two years on the county farm.[1] After sentence, appellant moved to vacate the conviction asserting that the circuit court lacked jurisdiction absent a youth court certification order. From the *377 order overruling the motion to vacate the conviction, this appeal is taken. We affirm.
Placed squarely before us for interpretation is Mississippi Code § 43-21-31 (1972), giving circuit courts "exclusive jurisdiction" of juveniles "charged with any crime ... punishable by life imprisonment or death." Appellant argues that the circuit court lacked jurisdiction because the crime charged (armed robbery) is not punishable by "both life imprisonment and death," and also because the crime is alternatively punishable by a period of imprisonment of "less than life."
We recognize the general rule of construction that statutory exceptions are to be strictly or narrowly construed in favor of the accused. Given a strict construction, the statute which confers exclusive jurisdiction upon circuit courts, § 43-21-31 is of no avail to appellant here because the statute is clearly applicable to offenses punishable by "life imprisonment or death." The statute does not say and cannot logically be construed to mean that the punishment must be "by both life imprisonment and death" (emphasis added), as argued in appellant's brief. It is to be noted that language of the statute does not limit its application to a "capital offense" as used in Section Twenty-nine of the Mississippi Constitution of 1890.[1a] Indeed the statute now under consideration does not at any place contain any phrase such as "capital case" or "capital offense." By clear and unambiguous language, § 43-21-31 simply confers upon circuit courts exclusive jurisdiction if the crime charged is "punishable by life imprisonment," or "death."
The appellant also states his argument another way elsewhere in his brief, as follows:
Since armed robbery is no longer punishable by life imprisonment or death, but only by life imprisonment, it does not fall within the Youth Court exceptions set forth in section 43-21-31.
He cites several cases as authority for his argument that this Court has heretofore interpreted § 43-21-31 "to except from the general jurisdiction of the Youth Court only capital crimes, crimes punishable by death." Examination of the cases including Smith v. State, 229 So.2d 551 (Miss. 1969), and Ratcliff v. State, 234 Miss. 724, 107 So.2d 728 (1958), does not reveal that we ever held that a crime punishable by a life sentence was not within the purview of the statute. Grant v. State, 305 So.2d 351 (Miss. 1974).
Cases from other jurisdictions are cited as authority for the argument that the phrase "punishable by sentence of death or life imprisonment" (language taken from a Missouri case) embraces only those offenses having as "sole alternatives" punishment of life imprisonment or death, and does not embrace offenses carrying possible sentences of less than life imprisonment as a minimum sentence. Such holdings do not reflect sound reasoning when applied to our jurisprudence including our statutes and their history. In construing § 43-21-31, one must keep in mind that when the Youth Court Act, Mississippi Code Annotated sections 43-21-1 through 43-21-55 (1972), including § 43-21-31, was enacted in 1946, the "sole alternatives" of punishment on an indictment charging murder, armed robbery, or forcible rape were not simply life imprisonment or death. At that time Mississippi law permitted an accused person charged with an offense punishable by death to be found guilty of a lesser included offense for which permissible punishment was less than life imprisonment. For example, long before 1946 (and afterward) defendants prosecuted for murder (punishable by life imprisonment or death) were sometimes found guilty of the lesser included *378 crime of manslaughter, and sentenced to pay a mere cash fine or suffer imprisonment ranging from a jail sentence up to twenty years in the penitentiary, or both. Thus it is illogical to hold that our lawmakers ever intended that § 43-21-31 would apply only when the only alternative penalties which a juvenile such as Carter could possibly receive were both life imprisonment AND death. We find no crime in our present code for which the prescribed penalty is literally, absolutely, and alternatively "life imprisonment or death." Should we accept appellant's argument, there would be no crime of which circuit courts could have original exclusive jurisdiction even though several crimes are singularly punishable by life imprisonment, or death.
Carter was charged with the crime of armed robbery under § 97-3-79, which provides the penalty of life imprisonment "if the penalty is so fixed by the jury." Otherwise the penalty shall be "for any term not less than three (3) years." Thus when one is tried under § 97-3-79, the applicable penalty is "life imprisonment" (with a possible lesser penalty) even though a penalty of "death" is not alternatively provided. Acceptance of appellant's argument here would in effect hold that the circuit court lacks exclusive jurisdiction in cases where a juvenile is charged with capital murder for which the sole penalty is "death" (with no alternative or lesser punishment possible) pursuant to Mississippi Code Annotated §§ 97-3-19(2) and 97-3-21 (Supp. 1974). This would be so because those sections on capital murder provide only a "death penalty" and do not provide the alternative punishment of "life imprisonment." We reject such an illogical interpretation which in capital murder cases would deprive circuit courts of exclusive jurisdiction.
We find no error in the lower court's construction of § 43-21-31 together with § 97-3-79 vesting in itself jurisdiction of this cause without youth court certification.
AFFIRMED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER and LEE, JJ., concur.
NOTES
[1] The sentence appears to be less than the statutory three year minimum in the penitentiary.
[1a] Recently construed by the court on a question concerning bail for a person indicted under Miss. Code Ann. § 97-3-79 (Supp. 1975) in Ex Parte Dennis, 334 So.2d 369, Rendered May 18, 1976.