384 A.2d 407 (1977)
In the Matter of C. S., Appellant.
No. 12647.
District of Columbia Court of Appeals.
Argued October 12, 1977.
Decided October 13, 1977.
Roger M. Gregory, Jr., for appellant.
Michael J. Dowd, Jr., Asst. Corp. Counsel, Washington, D.C., with whom John R. Risher, Jr., Corp. Counsel, Washington, D.C., was on the brief, for appellee.
Before KERN, MACK, and FERREN, Associate Judges.
FERREN, Associate Judge:
On October 7, 1977, the District of Columbia filed a petition against appellant C.S., age 16, in the Family Division of Superior Court charging obstruction of justice, D.C. Code 1973, § 22-703(a). Appellant allegedly had used "threats and force" against a government witness in a second-degree murder case pending against appellant in the Criminal Division of Superior Court.
At a hearing on the same day, October 7, to determine whether there was probable cause to place appellant in detention prior to a factfinding hearing, D.C.Code 1973, § 16-2312, the court found that such detention was required "to protect the person or property of others," D.C.Code 1973, § 16-2310(a)(1), and ordered appellant into custody at the Oak Hill facility.[1]
Appellant filed an interlocutory appeal pursuant to D.C.Code 1973, § 16-2327, *408 claiming several irregularities, only one of which needs consideration here. Appellant claims that the Family Division does not have jurisdiction to receive the petition, let alone jurisdiction to detain him. We agree.

I.
In the pending second-degree murder case, the District government has not proceeded against appellant as a "child"[2] by way of a delinquency petition in the Family Division of Superior Court. Instead, the United States government has assumed responsibility by charging him as an adult in the Criminal Division. See Pendergrast v. United States, D.C.App., 332 A.2d 919, 923 (1975). Because of this criminal proceeding we have to consider whether, under our statute, the Family Division retains  or has lost  jurisdiction over subsequent delinquency charges against appellant.
The contention that the Family Division has lost jurisdiction is based on an analogous statutory provision dealing with the discretionary transfer of juveniles from the Family Division to the adult Criminal Division. D.C.Code 1973, § 16-2307, provides, where relevant, that the Corporation Counsel, on behalf of the District government, may file a motion requesting transfer of a child for criminal prosecution as follows:
(a) Within seven days (excluding Sundays and legal holidays), of the filing of a delinquency petition, or later for good cause shown, and prior to a factfinding hearing on the petition, the Corporation Counsel, following consultation with the Director of Social Services, may file a motion, supported by a statement of facts, requesting transfer of the child for criminal prosecution, if 
(1) the child was fifteen or more years of age at the time of the conduct charged, and is alleged to have committed an act which would constitute a felony if committed by an adult;
* * * * * *
(h) Transfer of a child for criminal prosecution terminates the jurisdiction of the Division over the child with respect to any subsequent delinquent act; except that jurisdiction of the Division over the child is restored if (1) the criminal prosecution is terminated other than by a plea of guilty, a verdict of guilty, or a verdict of not guilty by reason of insanity, and (2) at the time of the termination of the criminal prosecution no indictment or information has been filed for criminal prosecution for an offense alleged to have been committed by the child subsequent to transfer. [Emphasis added.]
The question, therefore, is whether appellant's adult criminal prosecution for second-degree murder by virtue of § 16-2301(3)(A) is a "transfer of a child for criminal prosecution" within the meaning of § 16-2307(h). If it is, then the Family Division automatically is deprived of jurisdiction over the obstruction of justice charge because it involves a "subsequent delinquent act."

II.
The government contends that § 16-2307(h) pertains only to actual, ad hoc transfers for criminal prosecution pursuant to the elaborate hearing procedure in § 16-2307(a)-(g). If follows from the government's argument that any 16-year-old who is deemed subject to criminal prosecution by virtue of § 16-2301(3)(A) would remain subject to Family Division jurisdiction for subsequent delinquent acts, such as the obstruction of justice alleged here.
We disagree with the government's position. Under its analysis, a 15-year-old individual, who could only be prosecuted criminally upon a "transfer", § 16-2307(a)(1), mustif transferredremain *409 subject to the Criminal Division for all subsequent offenses of any kind, pursuant to § 16-2307(h), whereas a 16- or 17-year-old individual, who is prosecuted in the Criminal Division for murder, or for any of the other offenses listed in § 16-2301(3)(A), must remain subject to the Family Division for all subsequent unlisted offenses (unless, of course, the government seeks a transfer for a later, unlisted felony charge). We do not believe that such an anomalous result is intended. We conclude, rather, that § 16-2301(3)(A), by deeming an individual not to be a "child" when certain serious offenses are charged, in effect has decreed, by operation of law, a "transfer" of that individual to the Criminal Division, within the meaning of § 16-2307(h), with the consequent impact on Family Division jurisdiction.

III.
The legislative history on this point is inconclusive. Prior to the District of Columbia Reorganization Act, Pub.L. 91-358, 84 Stat. 523, adopted in 1970, "the Juvenile Court automatically acquired jurisdiction over anyone under 18 charged with an offense, since the term `child' then was defined simply as `a person under 18 years of age.'" Pendergrast v. United States, supra at 923. The only basis for withdrawing jurisdiction over a juvenile matter from the Juvenile Court (now the Family Division) was a provision for ad hoc "waiver of jurisdiction" in favor of criminal prosecution of felonies committed by juveniles age 16 and over. D.C.Code 1967, § 11-1553. In 1970, upon adoption of the Reorganization Act, supra, Congress amended § 16-2301 to redefine "child" more narrowly and thus contract Family Division jurisdiction. See note 2, supra. At that time Congress also lowered the minimum age for criminal prosecution of juveniles from 16 to 15 upon "transfer" (formerly "waiver") to the new Criminal Division. D.C.Code 1973, § 16-2307.
These provisions were adopted as part of a new juvenile code, which was among the many subjects considered by Congress in 1969-70 in its comprehensive effort directed at crime in the District of Columbia. The House and the Senate were far apart in their approaches to juveniles. By the end of 1969, the Senate had passed a bill, S. 2981, 91st Cong., 1st Sess. (1969), including provisions (after amendment in committee) for (1) adult prosecution of offenders, age 16 or over, when they are charged with certain serious felonies and have a record of a previous offense since age 15; (2) lowering of the age from 16 to 15 for ad hoc transfer of juveniles for adult prosecution, with the burden on the government to show no reasonable prospect for rehabilitation under Family Division jurisdiction; and (3) termination of Family Division jurisdiction over subsequent offenses upon such transfer for adult prosecution, provided that Family Division jurisdiction would be restored if the adult prosecution did not result in a guilty or insanity verdict (and no other criminal charges were pending at the time of transfer).
The House bill, H.R. 16196, 91st Cong., 2d Sess. (1970), in contrast, provided for (1) adult prosecution of first offenders, age 16 or over, charged with a wider range of felonies than in the Senate bill; (2) lowering of the age from 16 to 15 for ad hoc transfers of juveniles for adult prosecution, with the burden on the juvenile to avoid transfer by showing a reasonable prospect for rehabilitation if Family Division jurisdiction were retained; and (3) termination of Family Division jurisdiction over subsequent offenses upon such transfer for adult prosecution, without further provision for restoration of Family Division jurisdiction if the adult prosecution failed.
The resulting legislation was a compromise tilted in favor of the House version of the first two provisions enumerated above and of the Senate approach to the third provision. D.C.Code 1973, § 16-2301(3)(A), § 16-2307(a), (d)-(e), (h).
The conference report that revealed the proposed compromise evoked strong criticism on the Senate floor. 116 Cong.Rec. 25048-49 (1970) (remarks by Sen. Goodell); 116 Cong.Rec. 25432-33 (1970) (remarks by Sen. Javits). It was in the context of defending the conference report that Sen. Tydings, the Senate manager of the legislation, made the only reference to the issue before us that we have been able to find in *410 the legislative history. He submitted a statement for the record that prosecution of a juvenile as an adult, by virtue of the new definition of "child," § 16-2301(3)(A), would have "no bearing on his trial on subsequent charges, even if he is convicted." 116 Cong. Rec. 24346 (1970).[3] Family Division jurisdiction would remain for all subsequent offenses, absent a court order under the ad hoc transfer provisions.[4]
There were no other comments on this issue in the committee reports, in the conference report, or on the floor of either house. Despite the intense debate both on the definition of "child" and on the ad hoc transfer provisions, no one except Sen. Tydings sought to tie them together with respect to jurisdiction over subsequent offenses.[5] We do not believe, under the particular circumstances of this legislative battle, that this silence should be construed to imply concurrence with Sen. Tydings' one comment on the Senate side of the debate. The better conclusion is that the Congress did not join issue on the subject. Perhaps the issue was not generally recognized; perhaps others in the Congress who may have perceived it thought there would be no profit from injecting additional controversy, given the fragile conference compromise.[6] Accordingly, we are left to construe § 16-2301(3)(A) and § 16-2307 as a matter of logic, in the light of the legislative purposes which they reflect.
We previously have noted that the basic thrust of these provisions was
to work a substantive contraction of the Juvenile Court's earlier jurisdiction. Congress stressed that:
Because of the great increase in the number of serious felonies committed by juveniles and because of the substantial difficulties in transferring juvenile offenders charged with serious felonies to the jurisdiction of the adult court under present law, provisions are made in this subchapter for a better mechanism for separation of the violent youthful offender and the recidivist from the rest of the juvenile community.
H.R.Rep. No. 907, 91st Cong., 2d Sess. 50 (1970). Additionally, Congress stated that under the new bill,
a person, 16 years of age or older, who is charged by the United States Attorney *411 with an enumerated violent crime is automatically subject to the jurisdiction of the adult court.

Ibid. Such language further conveys the intention of Congress that jurisdiction over a 16- or 17-year-old juvenile charged with one of the specified offenses is not to be exercised in the Family Division unless the United States Attorney elects not to charge such an accused as an adult.[7] [Pendergrast v. United States, supra at 923.]
We believe, therefore, that the overriding concern of Congress was to remove both the first-time "violent youthful offender and the recidivist" (age 16 and older) from the juvenile treatment system altogether  a measure designed primarily to protect "the rest of the juvenile community" in detention. We conclude that Congress, as a result, must have intended to incorporate into § 16-2301(3)(A) all the consequences of a jurisdictional "transfer" from Family to Criminal Division that are set forth in § 16-2307(h). If discretionary "transfer of a child for criminal prosecution," § 16-2307(h), automatically means that the Family Division loses jurisdiction over all "subsequent delinquent acts" of that child (subject to restoration of jurisdiction under certain circumstances not relevant here), there is no reason to believe that Congress intended to assure criminal prosecution of certain violent youthful offenders by virtue of § 16-2301(3)(A) and yet to retain Family Division jurisdiction over their subsequent delinquent acts. Section 16-2307 provides for the judicial determination of suitability for adult criminal treatment, whereas § 16-2301(3)(A) is an effective legislative determination of such suitability. Because in either case the same substantive determination has been made, we conclude that Congress intended identical treatment of subsequent delinquent acts.[8]
To be sure, one can argue that our interpretation increases Criminal Division jurisdiction over an age group that historically has been entitled to Family Division protection. Moreover, it is rational to argue that transfers under § 16-2307 are carefully considered, after hearing, so that operation of § 16-2307(h) to deprive the Family Division of jurisdiction over subsequent delinquent acts is premised on an ad hoc judicial determination that the individual involved should be subject to such potential consequences. Finally, by charging one of the offenses listed in § 16-2301(3)(A), the United States Attorney can obtain Criminal Division jurisdiction over lesser offenses properly joined with the chargea prosecutorial power of considerable significance.
Despite the force of these arguments, however, we believe the better interpretation to be  and we hold  that once an individual who is sixteen years of age or older has been charged by the United States Attorney with a crime pursuant to D.C.Code 1973, § 16-2301(3)(A), then that individual shall be deemed transferred for criminal prosecution within the meaning of § 16-2307(h), with the resulting termination of Family Division jurisdiction (subject to restoration as prescribed).[9] This holding is subject to one important, perhaps obvious, limitation: we are not here restricting Family Division jurisdiction in the event that subsequent to criminal prosecution, matters arise which are specifically related to one's juvenile status but are traditionally not cognizable by the Criminal Division. *412 See D.C.Code 1973, § 16-2320, as applied to children who are neglected or in need of supervision. We therefore underscore that our holding relates only to termination of Family Division jurisdiction over a subsequent delinquent act for which there is a criminal statute equally applicable to adults.
It is interesting to note that only eight states plus the District of Columbia have statutes with provisions that automatically confer jurisdiction on the criminal court over certain juveniles.[10] Of the states, only two  Rhode Island and Mississippi  have dealt with the question of continuing jurisdiction over a juvenile who has been criminally prosecuted.[11] Aside from Judge Block's opinion in 1974, note 4, supra, we have been able to find no statute or reported case that deals directly with the problem we consider here.
Appellant shall be discharged from custody forthwith and thereafter treated by the authorities in a manner consistent with this opinion.[12]
So Ordered.
NOTES
[1] As a result of the second-degree murder charge, appellant had been released under a third-party custody arrangement.
[2] D.C.Code 1973, § 16-2301(3) provides in pertinent part:

(3) The term "child" means an individual who is under 18 years of age, except that the term "child" does not include an individual who is sixteen years of age or older and 
(A) charged by the United States attorney with (i) murder, forcible rape, burglary in the first degree, robbery while armed, or assault with intent to commit any such offense, or (ii) an offense listed in clause (i) and any other offense properly joinable with such an offense; . . . . [Emphasis added.]
[3] Sen. Tydings' statement was as follows:

Under the House version . . . a juvenile once transferred [under the ad hoc procedure in § 16-2307] was thereafter to be excluded from the juvenile system even if the charges proved at trial in the Criminal Division to be unfounded. The Senate conferees urged successfully that if the grounds for transfer prove to be without foundation, then logically and in all fairness Family Division jurisdiction must be restored; and any subsequent case against the child must be brought in the juvenile court (Family Division).
It bears mentioning that the latter concept in the conference substitute is intended to operate even more completely in cases shifted to the criminal court by the operation of the new definition of "child". If a 16 year old is charged with armed robbery, he is to be tried in the Criminal Division. But trial once in the Criminal Division has no bearing on his trial on subsequent charges, even if he is convicted. So, for example, were a 16 year old first offender armed bank robber to receive a suspended sentence only to be subsequently charged with a later unrelated pursesnatching, he would nevertheless be tried in the Family Division unless specially ordered by the court to be transferred.
[4] Contrary to our holding in the present case, in a well-reasoned opinion that was not appealed, Judge Block relied substantially on Sen. Tydings' statement in holding that criminal prosecution by virtue of § 16-2301(3)(A) is not a "transfer" within the meaning of § 16-2307 and thus does not deprive the Family Division of jurisdiction over subsequent offenses. In the Matter of Lipscomb, D.C.Super.Ct. Family Division No. J-6057-73, March 12, 1974.
[5] It is interesting to note, however, that Sen. Goodell referred to criminal prosecution of a juvenile under the provision which became § 16-2301(3)(A) as a "transfer." 116 Cong. Rec. 25049 (1970).
[6] From the general sentiment in the House, one can draw a fair inference that if the subject had been raised, a view contrary to Sen. Tydings' would have been expressed. See 116 Cong. Rec. 8088-89 (1970) (remarks by Rep. Nelson); 116 Cong.Rec. 8094 (1970) (remarks by Rep. Dowdy); 116 Cong.Rec. 8101-02 (1970) (remarks by Rep. Thomson); 116 Cong.Rec. 8109 (1970) (remarks by Rep. Winn).
[7] The United States Attorney has discretion under § 16-2301(3)(A) not to bring criminal charges against a 16- or 17-year-old youth, leaving it to the District government to proceed in the Family Division. In a sense, therefore, the U.S. Attorney's election to bring criminal charges is a discretionary "transfer" (albeit an unconditional one) from jurisdiction otherwise left in the Family Division.
[8] Our interpretation does no violence to the Senate's concern that Family Division jurisdiction be restored over any transferred youth in the event that criminal prosecution fails. The "restoration" provision of § 16-2307(h) applies when a youth is criminally prosecuted by virtue of either § 16-2301(3) or § 16-2307(a).
[9] Our interpretation is consistent with D.C. Code 1973, § 16-2303, which would allow the Family Division to retain jurisdiction (if properly invoked) over offenses committed by a juvenile prior to any offense for which criminal prosecution is required either by transfer or by operation of law.
[10] These states are Colorado, Florida, Indiana, Louisiana, Mississippi, North Carolina, Rhode Island, and West Virginia. See Whitebread & Batey, Transfer Between Courts: Proposals of the Juvenile Justice Standards Project, 63 Va.L. Rev. 221, 233 n.57 (1977).
[11] Rhode Island provides that "[a] child sixteen (16) years of age or older who has been found delinquent for having committed two (2) offenses after the age of sixteen (16) which would render said child subject to indictment if he were an adult, shall be prosecuted for all subsequent felony crimes by a court which would have jurisdiction of such offense if committed by an adult." R.I. Gen.Laws § 14-1-7.1 (Supp.1976). [Emphasis added.] However, Rhode Island's provision for ad hoc waiver of juvenile court jurisdiction in favor of the criminal court for a youth who has reached age sixteen provides, to some extent inconsistently, that "such waiver shall constitute a permanent waiver by said court of jurisdiction over said child with respect to any and all further court proceedings with respect to such offense and any offense with which said child may be charged thereafter, notwithstanding its nature." R.I. Gen.Laws § 14-1-7 (Supp.1976). [Emphasis added.]

Mississippi confers exclusive jurisdiction on the criminal court over any person, including a child, charged with an offense punishable with death or life imprisonment. Miss.Code Ann. § 43-21-31 (1973). The Supreme Court of Mississippi has held that the youth court obtains jurisdiction, once again, after a juvenile is acquitted in criminal court. Grant v. State, 305 So.2d 351, 352 (Miss.1974). The court did not have to deal with the question of subsequent jurisdiction over a youth convicted in criminal court of a lesser included offense.
[12] By statute, D.C.Code 1973, § 16-2327(b), we were obliged to hear the matter no later than October 12, 1977, and to render a decision no later than October 13, 1977, without the benefit of comprehensive briefing. On October 13, we issued a Memorandum Opinion and Judgment which, after additional research, has been expanded in this published opinion.