WALKER, Presiding Justice,
for the Court:
The appellant was charged and convicted of having “willfully and unlawfully practice[d] dentistry without having obtained a license from the Mississippi State Board of Dental Examiners by fitting the mouth, gums and teeth of Malcolm D. Watson with an artificial tooth.” The appellant was found not guilty of a second charge of “examining the mouth and teeth of Malcolm D. Watson” and “taking impressions of his teeth on November 17, 1980.”
It is uncontradicted that the appellant made a partial denture for one Malcolm D. Watson, Jr.,[1] consisting of a single tooth. The construction of the “flipper partial” was done at the direction of and under the supervision of a licensed dentist.
When Mr. Watson went to the Central Dentures Service office in Byram on November 20, 1980, to pick up his partial, he and the appellant, McKlemurry “.. . went in [the office] and [he] showed me the plate that he had made and put it in my mouth. He asked me how it felt and I told him it felt, you know, fine.”
There is absolutely no testimony or evidence that the appellant did anything else on the day in question.
The dentist was not present at the office on this occasion when McKlemurry put the partial denture in Watson’s mouth, although the Central Dentures Service office was in fact the auxiliary office of the licensed dentist. The dentist testified that the appellant was “his auxiliary personnel” who answered the telephone and scheduled appointments for the Byram office and performed his laboratory work. The Byram office is the dentist’s auxiliary office used for work involving prosthetics, dentures and partíais.
The dentist further testified that the work in making the partial was done under *555 his direction but that he did not advise appellant to place the partial in Watson’s mouth but told him to hand it to Watson.
The question presented is whether the simple act of “putting” a partial bridge with one artificial tooth into the mouth of Mr. Watson constituted the unlawful practice of dentistry in that this amounted to a correction of “malposition or irregularities of the teeth or jaws” in violation of Mississippi Code Annotated section 73-9-3 (1972)? This is hardly a reasonable construction of the statute and we do not believe this to have been the intent of the legislature. It must be remembered that the appellant is not being charged with having unlawfully constructed the partial, but with practicing dentistry without a license by having put the already constructed partial bridge into the mouth of Mr. Watson. To adopt such a construction would mean that no one could assist a disabled or elderly relative or friend by placing a partial bridge or false teeth into their mouth. Such construction would be an absurdity.
Laws regulating the professions should not be so construed as to prevent the performing of uncomplicated services between persons in the course of their relationships with one another in this educated and informed society.
For an act to constitute a crime, it must not only come within the letter but the spirit of the law and the Court should not give the law such a strained or technical construction as to reach an illogical result. See Ratcliff v. State, 234 Miss. 724, 107 So.2d 728 (1958). Moreover, any doubt should be resolved in favor of the defendant. Charles E. Torcia, Wharton’s Criminal Law § 12, p. 59 (14th ed. 1978); United States v. Enmons, 410 U.S. 396, 93 S.Ct. 1007, 35 L.Ed.2d 379 (1973).
We are of the opinion that the legislature intended that the correction of “malposition or irregularities of the teeth or jaws” contemplates a great deal more than simply “putting” a partial plate into the mouth of Mr. Watson.
We have carefully considered the arguments of the state but find them to be without merit. Therefore, the judgment of conviction and sentence of appellant are reversed and appellant discharged.
REVERSED AND APPELLANT DISCHARGED.
PATTERSON, C. J., SUGG, P. J., and BROOM, ROY NOBLE LEE, BOWLING, HAWKINS and DAN M. LEE, JJ., concur.
PRATHER, J., takes no part.

. Mr. Watson was a private detective employed to investigate the Byram laboratory for the State Dental Board.