Larry B. BROWN, Appellant,

v.

UNITED STATES, Appellee.

No. 8280.

District of Columbia Court of Appeals.

Argued Nov. 19, 1974.

Decided Aug. 7, 1975.

———◆———

Edward R. Shannon, Washington, D.C., for appellant.

Raymond J. Coughlan, Jr., Asst. U.S. Atty. with whom Earl J. Silbert, U.S. Atty. and John A. Terry and James F. Mc-Mullin, Asst. U.S. Attys., were on the brief, for appellee.

Before KERN, GALLAGHER and HARRIS, Associate Judges.

KERN, Associate Judge:

Appellant, a juvenile, was convicted in the Criminal Division of the Superior Court of robbery [1] and assault with a dangerous weapon.[2] He claims the procedure used by the United States Attorney in charging him as an adult denied him due process of law. Finding this contention unpersuasive, we affirm the judgments.

Appellant was sixteen years of age when arrested, with his father, on charges stemming from a robbery and stabbing. Shortly after his arrest he was the subject of a delinquency petition filed by the Corporation Counsel in the Family Division of the trial court. Appellant's father was at about the same time indicted by a Superior Court grand jury. Approximately two months after appellant's arrest, for reasons which do not appear on the record, the petition against him was dismissed by the Family Division on motion of the Corporation Counsel. Almost a month later the grand jury returned a superseding indictment for robbery while armed and related charges against both appellant and his father, on which the instant trial was held.

D.C.Code 1973, § 11–1101(13), grants to the Family Division exclusive jurisdiction over proceedings in which a "child" is alleged to be delinquent. The term "child" is defined as follows in D.C.Code 1973, § 16–2301(3)(A):

(3) The term "child" means an individual who is under 18 years of age, except that the term "child" does not include an individual who is sixteen years of age or older and—

1. D.C.Code 1973, § 22–2901.

2. D.C.Code 1973, § 22–502. He was acquitted of a charge of armed robbery. D.C. Code 1973, §§ 22–2901, –3202.

3. Section 16–2307 provides that upon motion of the Corporation Counsel a "child" who falls within one of several defined classes may be transferred to the Criminal Division for trial as an adult. Transfer can be ordered only

(A) charged by the United States attorney with (i) murder, forcible rape, burglary in the first degree, robbery while armed, or assault with intent to commit any such offense, or (ii) an offense listed in clause (i) and any other offense properly joinable with such an offense . . . .

Appellant does not challenge the right of the United States Attorney to charge a juvenile accused of armed robbery, as was appellant in this case, as an adult *ab initio*. He argues, however, that once jurisdiction in the Family Division had attached through the action by the Corporation Counsel in filing a delinquency petition, he became a "child" and could be transferred *subsequently* to the Criminal Division for trial as an adult only after a judicial hearing and through the procedure established in D.C.Code 1973 § 16–2307.[3] In sum, his argument is that jurisdiction in the Family Division, once it has attached, can be divested consistent with due process *only* after a judicial hearing into whether appellant is a person Congress intended to exclude from the Juvenile Court system as one who is beyond rehabilitation or who would exert a negative influence on others in the system.[4]

Appellant relies in support of his contention principally on *Kent v. United States*, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966). In that case the Supreme Court held that under the old Juvenile Court Act [5] a juvenile was entitled to procedural protections, including a hearing, assistance of counsel and a statement of reasons, before the Juvenile Court could waive its ju-

after a hearing to determine whether there are reasonable prospects for his rehabilitation in the Family Division, and the statute sets forth several criteria to be considered in making that determination.

4. *See* H.R.Rep.No.907, 91st Cong., 2d Sess. 50 (1970).

5. D.C.Code 1967, § 11–1501 *et seq.*

risdiction over him and transfer him for trial as an adult. *Id.* at 557, 86 S.Ct. 1045. The decision was premised upon the conception that under the Act, which vested in the Juvenile Court "original exclusive" jurisdiction over all persons under 18 years of age, a juvenile had a "statutory right" to jurisdiction in that court. *Id.* at 556, 86 S.Ct. 1045. The decision to transfer him for trial as an adult was a "critically important" one since it deprived him of the special benefits and protections of the juvenile system and, therefore, had to be accompanied by procedural safeguards. *Id.* at 556–57, 86 S.Ct. 1045.

This court has ruled that *Kent* is based on a construction of the law existing at the time of its decision and is not controlling under the present amended version of the District of Columbia Code. *Pendergrast v. United States,* D.C.App., 332 A.2d 919 (1975). Under present law, the "exclusive" jurisdiction of the Family Division extends only to "children" as defined in Section 16–2301(3)(A), and that definition explicitly *excludes* one who is charged by the United States Attorney with certain offenses, including armed robbery, as was appellant in this case.

In *Pendergrast v. United States, supra,* we reviewed the legislative history of this portion of the Code. *See also United States v. Bland,* 153 U.S.App.D.C. 254, 256–58, 472 F.2d 1329, 1331–33 (1972), *cert. denied,* 412 U.S. 909, 93 S.Ct. 2294, 36 L.Ed.2d 975 (1973). We there decided that the Act as amended was intended to substantially contract the jurisdiction of the Family Division and automatically vest in the Criminal Division jurisdiction over those older youths charged with enumerat-

ed offenses whom the United States Attorney felt should be so treated. *Pendergrast v. United States, supra* at 923. *Accord, United States v. Bland, supra* 153 U.S. App.D.C. at 260, 472 F.2d at 1335.

■ We cannot accept appellant's argument that once he was petitioned in the Family Division he became a "child" and could not be deprived of that status simply by a later election by the United States Attorney to charge him as an adult. In our view it was the intent of Congress to vest in the discretion of the United States Attorney the decision whether persons 16 years or older charged with certain enumerated offenses should be treated as children or as adults.[6] That Congress provided that jurisdiction would "automatically"[7] vest in the Criminal Division in cases where the United States Attorney elects to charge a juvenile as an adult, and that no standards other than the enumeration of offenses are provided to limit that election, leads us to the conclusion that the discretion granted to the United States Attorney in deciding whether to charge a juvenile as an adult is unfettered by the transfer provision found in D.C.Code 1973, § 16–2307, even if that election is made after the juvenile has for a time been subject to the jurisdiction of the Family Division by reason of a delinquency petition filed against him.[8]

■ We are of the opinion that the statutory scheme, so construed, does not violate the due process rights of the accused. In *Pendergrast v. United States, supra* at 923–24, we held that Section 16–2301(3) is constitutional. We there relied on the decision of the United States Court of Ap-

---

6. The juvenile is of course protected by the Double Jeopardy Clause from prosecutions both as a child and as an adult for the same offense. *Breed v. Jones,* 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975) ; *District of Columbia v. I. P.,* D.C.App., 335 A.2d 224 (1975). In this case, however, no delinquency fact-finding hearing has been held in the Family Division, and hence jeopardy had not attached in the juvenile proceeding.

7. H.R.Rep.No.907, *supra.*

8. A juvenile tried as an adult is still eligible for special treatment under the Federal Youth Corrections Act. In this case, in fact, appellant was placed on probation pursuant thereto. 18 U.S.C. § 5010(a) (1970).

peals for the District of Columbia Circuit in *United States v. Bland, supra,* which upheld the statute in the face of a due process attack similar to that made here. As the court stated in *Bland,* the decision to charge the juvenile as an adult rests in the prosecutorial discretion of the United States Attorney. That discretion is based on the constitutional principle of separation of powers, and is not subject either to due process requirements of notice and a hearing or, usually, to review by any court. *United States v. Bland, supra* 153 U.S.App. D.C. at 260–62, 472 F.2d at 1335–37.[9]

*Bland* was a case in which the defendant was charged as an adult in the first instance, rather than, as here, after a period of treatment as a child. We do not think that factual difference requires a contrary result in this case. The decision is vested in the prosecutor, and at least in the absence of particular circumstances of abuse of discretion, is not subject to judicial review or to the requirements of due process.

Appellant also contends that when the jury returned its verdict of not guilty of armed robbery, the charge upon which appellant's adult treatment was predicated, the court should have certified the verdicts of guilty of robbery and assault with a dangerous weapon to the Family Division for disposition. This argument founders on the express words of the statute, which exclude from the definition of "child", over whom the Family Division can exercise jurisdiction, one

> charged with an offense referred to in subparagraph (A)(i) and convicted by plea or verdict of a lesser included offense . . .. [D.C.Code 1973, § 16–2301(3)(B).]

Affirmed.

---

9. The Fourth Circuit in *Cox v. United States,* 473 F.2d 334 (en banc), *cert. denied,* 414 U.S. 869, 94 S.Ct. 183, 38 L.Ed.2d 116 (1973), faced a claim similar to that presented here arising under 18 U.S.C. § 5032 (1970), which provides that a juvenile accused of certain federal offenses shall, if he consents, be prosecuted as a juvenile delinquent unless the Attorney General directs that he be prosecuted as an adult. The court ruled that a juvenile is not entitled to a hearing before he can be tried as an adult, since prosecutorial decisions are not subject to the due process restraints applicable to judicial decision making. *See also United States v. Verra,* 203 F.Supp. 87, 91 (S.D.N.Y.1962).