**Christina CHOCO, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 12371.**

District of Columbia Court of Appeals.

Argued Dec. 15, 1977.

Decided Feb. 13, 1978.

Harry Toussaint Alexander, Washington, D. C., for appellant.

Mary-Elizabeth Medaglia, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry and Judith Hetherton, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before KERN, NEBEKER and YEAGLEY, Associate Judges.

NEBEKER, Associate Judge:

Appellant is charged by indictment with burglary I, burglary II, and four counts of willful failure to appear in court proceedings in violation of conditions of release. D.C.Code 1973, §§ 22–1801(a), 22–1801(b), 23–1327. By pretrial motion, appellant moved that she be treated as a juvenile and that her case be transferred from the Criminal Division of the Superior Court to the Family Division. The judge of the Criminal Division determined, after an evidentiary hearing, that appellant was not a juvenile. Appellant asserts that the government did not bear its burden of proving that she was not a juvenile. The government argues that the trial court's finding was supported by the evidence but that we have no jurisdiction to entertain this appeal because it is from a non-final order. We hold that the order is presently appealable and reverse.

## I. Jurisdiction

Appellant's motion to be treated as a juvenile was based upon her assertion that she was a child within the meaning of D.C. Code 1973, § 16–2301(3). That subsection provides, in part, that the term "child" includes a person under the age of twenty-one who is charged with [certain offenses, including burglary I] committed before [s]he attained the age of sixteen . . .." Appellant presented evidence (fully contested by the government) that she was under sixteen years of age when the burglary with which she is charged occurred, in April 1975. Appellant's assertions, if believed, would entitle her to transfer of her case to the Family Division.

D.C.Code 1973, § 16–2302(a), requires a trial judge of the Criminal Division to transfer a case to the Family Division if

> it appears to [the] court, during the pendency of a criminal charge and before the time when jeopardy would attach in the case of an adult, that a minor defendant was a child at the time of an alleged offense . . . ..

Section 16–2302(b) provides that if

> at the time of an alleged offense, a minor defendant was a child but this fact is not discovered by the court until after jeopardy has attached, the court shall proceed to verdict.

Assuming that the defendant is convicted, the conviction

> shall not be set aside on the ground of the defendant's age unless the court, after hearing, determines that (1) neither the defendant nor his counsel, prior to the entry of judgment, had reason to believe that defendant was under the age of eighteen years, and (2) the defendant would not have been transferred [from the Family Division] for criminal prosecution [under D.C.Code 1973, § 16–2307]. [*Id.*]

■ The plain language of this last provision would preclude a post-judgment remedy in this court where, as here, both defendant and counsel had reason to believe, prior to judgment, that she was under the age of eighteen. A defendant's asserted right to disposition in juvenile proceedings, therefore, is forever lost if not resolved in her favor before jeopardy has attached.

The ruling in this case meets all of the tests of finality enunciated in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 546–47, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), and, more recently, in *Abney v. United States,* 431 U.S. 651, 654–662, 97 S.Ct. 2034, 2038–2042, 52 L.Ed.2d 651, 657–62 (1977). The order was final in the sense that "[t]here are simply no further steps that

can be taken in the [trial court] to avoid the trial . . .." *Abney v. United States, supra* at 659, 97 S.Ct. at 2040, 52 L.Ed.2d at 660. The right asserted is "collateral to, and separable from, the principal issue at the accused's impending criminal trial, *i. e.,* whether or not [she] is guilty of the offense charged." *Id.* Appellant "makes no challenge whatsoever to the merits of the charge against [her]." *Id.* That the determination that appellant be tried as an adult is "too important to be denied review", *Cohen v. Beneficial Industrial Loan Corp., supra,* 337 U.S. at 546, 69 S.Ct. at 1226, is amply demonstrated by the statutory right of interlocutory appeal granted to juvenile offenders over whom the Family Division has waived jurisdiction. D.C.Code 1973, § 16–2327. Finally, as discussed above, a post-judgment appeal "will be too late effectively to review the present order, and [appellant's] rights . . . will have been lost, probably irreparably." *Cohen v. Beneficial Industrial Loan Corp., supra* at 546, 69 S.Ct. at 1225.

■ A further consideration re-enforces our conclusion that an order such as this is final and appealable. When juvenile proceedings have been instituted in the Family Division, a judge of that Division may, under certain circumstances, order transfer of the juvenile to the Criminal Division for criminal prosecution. D.C.Code 1973, § 16–2307. Such an order, however, is immediately appealable. *Id.* § 16–2327. Were we to hold that an order denying a motion to transfer from the Criminal Division to the Family Division is non-appealable, then the right to appellate review of the proper Superior Court forum for adjudication would be dependent upon the government's choice of an initial forum. If the government chose to institute juvenile proceedings in the Family Division, a transfer for criminal prosecution would be appealable. But if the government chose to institute a prosecution in the Criminal Division, an order denying transfer for juvenile proceedings would not be appealable. In each case the right asserted is the same: the right to juvenile adjudication. That right is no less valuable when asserted in the Criminal Division, and the remedy for asserted denial of that right should be no less available.

We hold that the order entered in this case was final and immediately appealable.

## II. The Merits

At the evidentiary hearing, appellant introduced evidence which, if believed, would have established her birth date as May 4, 1960. The government, on the other hand, introduced the testimony of two expert witnesses. The first of these, a forensic dentist, testified that appellant was, in May 1977, between the ages of 17 and 20 years, "toward the lower end." The other expert witness for the government, a pediatric radiologist, testified that appellant's age, in June 1977, was "in excess of eighteen years." From this testimony the hearing judge concluded that appellant was more than sixteen years of age when the burglary was committed and that she should, therefore, be treated as an adult.

Appellant asserts that the finding was not supported by the evidence and that the hearing judge erred in not finding appellant's age "beyond a reasonable doubt." *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). The government argues that the finding was supported by the record and that, while it must prove age by a preponderance of the evidence,* it need do no more. *Lego v. Twomey,* 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972).

■ We need not reach the issue of which standard is applicable to the resolution of this jurisdictional fact. In order for appellant to be subject to criminal prosecution, absent transfer from the Family Division under D.C.Code 1973, § 16–2307, she must have been sixteen years of age on April 17, 1975, the date of the alleged burglary. *A fortiori,* appellant must have been

---

* This burden was recognized by the hearing judge and acknowledged by the government in its brief.

eighteen years of age on April 17, 1977. Evidence that appellant was between seventeen and twenty, or in excess of eighteen in May or June 1977, tended to prove only that appellant attained eighteen years of age sometime before May or June 1977, not that she attained that age by April 17, 1977. The finding that appellant had attained the age of sixteen on April 17, 1975, therefore, is without support in the record.

 The government having failed to bear its burden of proof on this jurisdictional fact, the court must, on remand, transfer this case to the Family Division. D.C.Code 1973, § 16-2302(a). Such transfer, we note, does not preclude re-transfer of appellant's case for criminal prosecution under the provisions of D.C.Code 1973, § 16-2307. The government's failure of proof that appellant was sixteen years of age on April 17, 1975, does not foreclose proof that she was at least fifteen years of age on that date (D.C.Code 1973, § 16-2307(a)(1)), or that she is at least eighteen years of age at present (D.C.Code 1973, § 16-2307(a)(3)), and, therefore, eligible for transfer for criminal prosecution upon the further findings required by D.C.Code 1973, § 16-2307(e).

*Reversed and remanded.*