**Carroll G. MONTGOMERY, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 83–985.

District of Columbia Court of Appeals.

Argued Oct. 22, 1986.

Decided March 4, 1987.

William T. Morrison, Washington, D.C., appointed by the court, for appellant.

Barry Coburn, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty., and Michael W. Farrell, Darryl W. Jackson, and Lee F. Satterfield, Asst. U.S. Attys., Washington, D.C., were on brief, for appellee.

1. See *United States v. Montgomery,* 478 A.2d 1088 (D.C.1984) for the procedural background that led to dismissal of appellant's assault charges.

2. The term "child" means an individual who is under 18 years of age, except that the term

Before PRYOR, Chief Judge, and NEWMAN and BELSON, Associate Judges.

PER CURIAM:

This is an appeal from a conviction of two counts of possession with intent to distribute heroin. Although appellant was under eighteen at the time of his arrests, he was tried as an adult in the Criminal Division of the Superior Court because of the pendency of charges against him for assault with intent to kill and assault with intent to commit robbery while armed. *See* D.C.Code § 16–2301(3)(A) (1981). These assault charges were eventually dismissed, but only after his trial on and conviction of the instant possession charges.[1] On appeal, appellant challenges the Criminal Division's jurisdiction over the possession charges. He argues that the subsequent dismissal of the assault charges deprived the Criminal Division, retroactively, of jurisdiction over the possession charges, and that the trial court erred in refusing to stay the trial of those charges until his assault charges were resolved. Because we conclude that the Criminal Division of the Superior Court has jurisdiction over appellant despite the subsequent dismissal of the assault charges, we affirm the conviction.

The Family Division of the Superior Court has jurisdiction over a person who is considered to be a "child" at the time of committing an offense. *See* D.C.Code § 16–2302 (1981). The term "child" is defined to exclude persons between sixteen and eighteen who have been "charged by the United States [A]ttorney with" any of a number of enumerated serious crimes, including murder, armed robbery, and assault with intent to commit any of the offenses listed. D.C.Code § 16–2301(3)(A) (1981).[2] Such a charge is deemed to have the effect of "transferring" jurisdiction

"child" does not include an individual who is sixteen years of age or older and—

(A) charged by the United States [A]ttorney with (i) murder, forcible rape, burglary in the first degree, robbery while armed, or assault with intent to commit any such offense. . . .

D.C.Code § 16–2301(3)(A) (1981).

over the minor to the Criminal Division of the Superior Court. *In re C.S.*, 384 A.2d 407, 409 (D.C.1977). Once the Criminal Division has jurisdiction, the Family Division loses jurisdiction over the minor with respect to any subsequent delinquent act. D.C.Code § 16–2307(h) (1981). The Family Division reacquires jurisdiction, however, if the adult prosecution is terminated other than by a finding of guilt (or its equivalent), and if, at the time of that termination, the minor has not been charged already with the commission of an additional offense committed after the transfer. *Id.*[3]

Appellant does not dispute that when he was charged with assault with intent to commit robbery while armed and assault with intent to kill, he was deemed to be an "adult" and brought under the Criminal Division's jurisdiction under § 16–2301(3)(A). Appellant contends, however, that the Family Division's jurisdiction was restored, retroactively, when the assault charges subsequently were dismissed in February 1985. Accordingly, appellant argues, the Criminal Division had no jurisdiction over him when it decided his drug charges in December 1982.

We reject appellant's contention and hold that the second clause of § 16–2307(h) was meant to leave undisturbed the Criminal Division's jurisdiction over charges pending at the time of termination of the original adult prosecution.[4] When appellant's assault charges were dismissed, he not only had been indicted for possession with intent to distribute, but also had been convicted of

those charges over two years earlier. The policy reasons for the statutory scheme that preserves Criminal Division jurisdiction over pending charges are even more compelling when, as in this case, those charges have been reduced to a verdict of guilt. *Cf. Pendergrast v. United States*, 332 A.2d 919, 923 (D.C.1975); *United States v. Bland*, 153 U.S.App.D.C. 254, 263, 472 F.2d 1329, 1338 (1972) (fact that mere charge of offense enumerated in § 16–2301(3)(A) determines whether minor will be tried as adult or as juvenile does not violate due process, as this determination does not constitute judgment of guilt or imposition of penalty), *cert. denied*, 412 U.S. 909, 93 S.Ct. 2294, 36 L.Ed.2d 975 (1973).[5]

For these reasons, we reject appellant's argument that the trial court erred in declining to stay the instant possession charges until resolution of the aggravated assault charges. Indeed, as we have explained, the resolution of the assault charges would not have affected the Criminal Division's jurisdiction over the instant charges, because the pendency of the assault charges when the instant charges were filed immutably committed these charges to the jurisdiction of the Criminal Division.

*Affirmed.*

---

**3.** D.C.Code § 16–2307(h) (1981) reads in full:
  Transfer of a child for criminal prosecution terminates the jurisdiction of the [Family] Division over the child with respect to any subsequent delinquent act; except that jurisdiction of the Division over the child is restored if (1) the criminal prosecution is terminated other than by a plea of guilty, a verdict of guilty, or a verdict of not guilty by reason of insanity, and (2) at the time of the termination of the criminal prosecution no indictment or information has been filed for criminal prosecution for an offense alleged to have been committed by the child subsequent to transfer.

**4.** Appellant argues that the requirement that there be "no indictment" filed in order to re-

store Family Division jurisdiction refers only to additional indictments for offenses enumerated in § 16–2301(3)(A) filed subsequent to transfer. This interpretation is at odds with the plain meaning of the statute, and we reject it. We do not, therefore, reach the question whether appellant's conviction of first-degree murder before the dismissal of the assault charges had the effect of preventing the Criminal Division from losing jurisdiction over the charges before us.

**5.** Appellant also contends that the trial court erroneously refused to sever his two drug charges, and that the government improperly placed his character at issue. We have examined these arguments and find them to be without merit.