**In the Matter of M.R., Appellant.**

No. 84–1316.

District of Columbia Court of Appeals.

Argued Jan. 8, 1987.

Decided May 7, 1987.

William D. Patkus, Fairfax Station, Va., for appellant.

Michele Giuliani, Asst. Corp. Counsel, with whom Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., was on the brief, for appellee.

Before PRYOR, Chief Judge, and FERREN and ROGERS, Associate Judges.

PER CURIAM:

The principal issue presented on appeal is the meaning of the phrase "subsequent delinquent act" in D.C.Code § 16–2307(h) (1981). Appellant M.R. contends that the Family Division of the D.C. Superior Court ceased to have jurisdiction after adult criminal charges had been filed against him for events which occurred before the events which were involved in the juvenile delinquency proceeding. We disagree. The jurisdiction of the Family Division over juvenile delinquents depends on the date a person under age eighteen is charged with an offense as an adult. D.C.Code § 16–2301(3)(A) (1981). Therefore, "subsequent delinquent act" refers to an act which occurs after adult criminal charges have been filed. Accordingly, finding no error by the Family Division judge in retaining jurisdiction over M.R. and in denying M.R.'s motion to dismiss the juvenile proceedings for social reasons pursuant to Super.Ct.Juv.R. 48(b), we affirm.

I

On March 2, 1984, the Corporation Counsel of the District of Columbia filed a petition alleging that appellant M.R. was a juvenile delinquent as a result of a purse

snatching on February 24, 1984.[1] On March 16, 1984, the United States Attorney filed a criminal complaint alleging that M.R. had committed an armed robbery on February 22, 1984. The juvenile and criminal cases proceeded to disposition in the Family and Criminal Divisions, respectively. In the Family Division, M.R.'s motion to dismiss the juvenile proceedings for social reasons was denied on August 21, 1984, and he was found to be a delinquent for having violated D.C.Code § 22–2901 (1981) (robbery) and D.C. Police Regulation Act 25, § 37 (1970) (playing dice in public). He was committed to the custody of the District of Columbia Department of Human Services on September 4, 1984. On September 13, 1984, he pleaded guilty to armed robbery in the Criminal Division and was sentenced under the Federal Youth Corrections Act, 18 U.S.C. § 5010(c) (1982), *repealed* Pub.L. No. 98–473, Title II, § 218(a)(8), Oct. 18, 1984.

In appealing his adjudication of delinquency, M.R. contends that the Family Division judge did not have jurisdiction to hear the case, and alternatively, if he had jurisdiction he abused it in denying a motion to dismiss the petition for social reasons. Super.Ct.Juv.R. 48(b).

## II

### A.

Under the District of Columbia Code a "child" is defined for purposes of juvenile delinquency proceedings as a person under eighteen years old, excluding persons who are at least sixteen years old and "charged by the United States Attorney with (i) murder, forcible rape, burglary in the first degree, robbery while armed, or assault with intent to commit any such offense...." D.C.Code § 16–2301(3)(A) (1981). This court has held that "once an individual who is sixteen years of age or older has been charged by the United States Attorney with a crime pursuant to D.C.Code 1973, § 16–2301(3)(A), that individual shall be deemed transferred for criminal prosecution within the meaning of § 16–2307(h), with the resulting termination of Family Division jurisdiction." [2] *In re C.S.*, 384 A.2d 407, 411 (D.C.Cir.1977). Under § 16–2307(h) [3] the transfer of a child for prosecution as an adult charged with a violation of the District of Columbia criminal code terminates the jurisdiction of the Family Division over the child "with respect to any subsequent delinquent act."

Since a person's status as a "child" is determined by reference to the date of the charge filed by the U.S. Attorney, the relevant date for determining whether the Family Division had jurisdiction over M.R. is the date on which he was charged with armed robbery, and not the date on which the armed robbery occurred. Therefore, the Family Division continued to have jurisdiction over the juvenile proceedings concerning a February 24th purse-snatching after the U.S. Attorney, on March 16, charged M.R. with committing armed robbery on February 22. *Cf. Logan v. United States*, 483 A.2d 664, 676 (D.C. 1984) (§ 16–2301(3) is to be strictly construed in favor of juvenile treatment). In proceeding to trial and disposition under D.C. Code §§ 16–2316—20, the Family Division judge did not violate M.R.'s constitutional right to a trial by jury. *In re J.T.*, 290 A.2d 821, 825 (D.C.), *cert. denied*, 409 U.S. 986, 93 S.Ct. 339, 34 L.Ed.2d 252 (1972); D.C.Code § 16–2316(a) (1981).

---

1. M.R. was sixteen years old when the petition was filed.

2. D.C.Code § 16–2301(3)(A) (1981) is identical to the 1973 provision.

3. D.C.Code § 16–2307(h) (1981), which is also identical to the 1973 statute, provides:

    Transfer of a child for criminal prosecution terminates the jurisdiction of the Division over the child with respect to any subsequent delinquent act; except that jurisdiction of the Division over the child is restored if (1) the criminal prosecution is terminated other than by a plea of guilty, a verdict of guilty, or a verdict of not guilty by reason of insanity, and (2) at the time of the termination of the criminal prosecution no indictment or information has been filed for criminal prosecution for an offense alleged to have been committed by the child subsequent to transfer.

### B.

 We find no abuse of discretion by the Family Division judge in denying M.R.'s motion to dismiss the juvenile delinquency petition "in the interest of justice and the welfare of the child" pursuant to Super.Ct.Juv.R. 48(b). When the trial of the juvenile proceeding commenced, M.R. had been indicted as an adult for armed robbery in the Criminal Division but he had not yet been convicted. The government opposed the Rule 48(b) motion, arguing that it is an extraordinary remedy, that a dismissal was inappropriate since M.R. was clearly in need of care and rehabilitation,[4] and that, in view of the nature of the pending charges, the public interest did not warrant a dismissal. The judge denied the motion as premature, and commented that although he usually would stay the juvenile proceedings pending resolution of the criminal charge, he declined to do so because the complaining witness was about to leave the jurisdiction. This was within the permissible range of decisions by the judge in the reasoned exercise of his discretion. *See generally Johnson v. United States,* 398 A.2d 354 (D.C.1979) (trial court discretion).[5]

Accordingly, the judgment is

*Affirmed.*

---

**4.** M.R. was also under commitment in another delinquency conviction until 1985.

**5.** M.R. also contends for the first time on appeal that the Family Division judge violated the statutory prohibition against co-mingling children and adults by ordering, as the disposition pursuant to § 16–2302(c) (1981), M.R.'s confinement at a children's rehabilitation facility. Since this contention was not raised below, we will only reverse if any error committed rises to the level of plain error. *Allen v. United States,* 495 A.2d 1145 (D.C.1985) (en banc); Super.Ct.Crim.R. 52. *See also Chase v. Gilbert,* 499 A.2d 1203, 1209

(D.C.1985). Section 16–2320(e), which prohibits the commitment of a child found to be a juvenile delinquent to a penal or correctional institution for adult offenders, *see also* § 16–2313(d) & (e) (1981), does not preclude commitment to a juvenile facility of a person previously held in an adult facility, who is found to be a "child" under § 16–2301. Indeed, the statutory scheme explicitly contemplates concurrent jurisdiction in cases involving persons 16 to 17 years old. Thus, the trial judge did not err in his disposition of M.R.