**UNITED STATES, Appellant,**

v.

**William M. HOBBS, Appellee.**

**No. 91–191.**

District of Columbia Court of Appeals.

Argued June 11, 1991.

Decided June 24, 1991.

Thomas C. Black, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher and G. Michael Lennon, Asst. U.S. Attys., were on the brief, for appellant.

Carol Steiker, Public Defender Service, with whom James Klein, Public Defender Service, was on the brief, for appellee.

Before ROGERS, Chief Judge, and TERRY and STEADMAN, Associate Judges.

ROGERS, Chief Judge:

In *Logan v. United States,* 483 A.2d 664 (D.C.1984), the court was called upon to interpret D.C.Code § 16–2301(3)(A) (1989), which provides that a sixteen or seventeen-year-old juvenile who is charged with the crime of "assault with the intent to commit ... murder" may, in the discretion of the United States Attorney, be prosecuted in the Criminal Division of the Superior Court as an adult defendant. The United States Attorney in *Logan* sought to bring an adult prosecution against a juvenile by charging him, pursuant to D.C.Code § 16–2301(3)(A), with assault with intent to kill, D.C.Code § 22–501. The court concluded, however, that the plain language of § 16–2301(3)(A) authorized adult prosecution only for assault with intent to commit *murder,* a crime distinct from assault with intent to *kill.* 483 A.2d at 676. The *Logan* court therefore held that the United States Attorney could not prosecute a juvenile as an adult by charging him under § 22–501.

This case is the sequel to *Logan.* In an effort to prosecute appellee, age 17, as an adult, the United States Attorney charged him with two counts of "assault with intent to murder" under D.C.Code § 22–503. Appellee moved to dismiss the indictment on the ground that "no such offense currently exists in the District of Columbia." The trial judge agreed that "a logical reading of the controlling statutory provisions and their hierarchical order" demonstrated that the legislature did not intend assault with intent to murder to be punishable under § 22–503. The government appeals, maintaining that the trial judge erroneously construed the statutory scheme.

The *Logan* court noted that "there is no way—short of engaging in a wholesale redrafting of the District's statutes on criminal assaults—to avoid the possibility of anomalous results or to implement fully the congressional intent underlying § 16–2301(3)(A)." 483 A.2d at 666. We follow the *Logan* court in its conclusion (in dictum) that the crime of assault with intent

to commit murder "could be charged under D.C.Code § 22–503." *Id.* at 675. Therefore, we reverse the trial judge's decision dismissing the indictment.

## I.

Ordinarily "a person accused of committing a delinquent act before his eighteenth birthday—which act would be criminal if committed by an adult—is accorded non-criminal treatment in the Family Division of the Superior Court." *Id.* at 667. There are, however, two basic exceptions to this general rule: judicial transfer and automatic transfer.[1] For judicial transfer, the Corporation Counsel files a motion with the Family Division requesting transfer of jurisdiction over a juvenile (who is at least fifteen years old) from the Family Division to the Criminal Division for prosecution as an adult. D.C.Code § 16–2307(a) (1989). Such a transfer can only be ordered if a judge determines, after a hearing, that there are no "reasonable prospects for rehabilitating the child before his majority." *Id.* § 16–2307(d).

The second exception to juvenile treatment, automatic transfer, allows a sixteen or seventeen-year-old to be prosecuted as an adult if the child has been charged by the United States Attorney with "murder, forcible rape, burglary in the first degree, robbery while armed, or assault with intent to commit any such offense...." *Id.* § 16–2301(3)(A). Unlike the first exception, "[t]he decision whether to bring criminal charges and to prosecute such persons as adults is left to the discretion of the United States Attorney." *Logan, supra,* 483 A.2d at 667. Appellee was brought into adult court under the automatic transfer exception pursuant to the indictment charging him with several crimes, including "assault with intent to murder" under D.C.Code § 22–503 (1989).

## II.

To understand the context for this appeal, it is necessary to consider the court's previous analysis in *Logan, supra,* of the relationship between the automatic transfer exception (D.C.Code § 16–2301(3)(A)) and the substantive statutes creating criminal offenses involving assaults. Section 16–2301(3)(A) authorizes adult prosecution of juveniles charged with "assault with intent to murder." The problem with this provision, as the court discussed in *Logan,* is that there is no obvious statutory basis for the crime of assault with intent to murder. The D.C.Code contains separate provisions for

> "four kinds of assault with descending degrees of severity: [1] D.C.Code § 22–501, Assault with intent to kill, rob, rape, or poison (15 years maximum); [2] D.C.Code § 22–502, Assault with intent to commit mayhem or with a dangerous weapon (10 years); [3] D.C.Code § 22–503, Assault with intent to commit any other offense (5 years); [4] D.C.Code § 22–504, Simple Assault (1 year)."

*Ingram v. United States,* 122 U.S.App.D.C. 334, 337, 353 F.2d 872, 875 (1965). The government sought in *Logan* to prosecute a juvenile as an adult by charging him with "assault with intent to kill" under D.C.Code § 22–501, and the *Logan* court concluded that such a prosecution was unauthorized.

The *Logan* court contrasted two different interpretations of § 16–2301(3)(A). On the one hand, the government interpreted the provision as authorizing adult prosecution of a juvenile who has been charged with assault with intent to kill. "[T]he government base[d] its reading of § 16–2301(3)(A) on a belief that the distinction between the words murder and kill in the two statutes is simply a matter of semantics that should not be permitted to cloud congressional intent." *Logan, supra,* 483 A.2d at 670; *id.* at 677 (Nebeker, J., dissenting). On the other hand, the defendant in *Logan* argued that "only those juveniles actually charged [by the U.S. Attorney] with assault with intent to commit murder" could be automatically transferred to adult

---

1. Other exceptions, *see* D.C.Code §§ 16–2301(3)(B), –2301(3)(C), are not relevant to this appeal.

court, and that "such a crime could be charged under D.C.Code § 22–503." *Id.* at 675.

The *Logan* court noted that both interpretations were problematic. The government's view did not "recognize that the element of malice, the state of mind required for an act of murder, cannot be equated with specific intent to kill." *Id.* at 671. The legislature's use of the term "murder" in § 16–2301(3)(A), therefore, was more than mere semantics: "a person could be convicted of assault with intent to kill under § 22–501, even though the state of mind at the time of the crime was not sufficient to constitute murder." *Id.* at 672.[2] The defendant's interpretation had problems of its own. It "assumes that Congress intended to place assault with intent to commit murder—undoubtedly the most serious form of aggravated assault—in the statutory category providing for the third least [sic; presumably 'third most'] severe punishment." *Id.* at 676.

Faced with these competing interpretations, neither of which was wholly satisfactory, the *Logan* court concluded that "[t]he only way to implement fully the statutory purpose underlying § 16–2301(3)(A) would be to redraft the assault provisions of the Code to provide separately for assault with intent to commit murder and assault with intent to commit manslaughter. We have no power to consider this option." *Id.* at 676.[3] Relying, however, on precedent that § 16–2301(3)(A) should be strictly construed in favor of juvenile treatment, the court "adopt[ed the defendant's] interpretation of § 16–2301(3)(A) and [held] that a juvenile age 16 or 17 is ... subject to adult criminal prosecution—without the necessity of a judicial transfer under § 16–2307—only when he or she is charged with assault with intent to commit murder" *Id.* at 676–77.

### III.

The United States Attorney charged appellee with the crime of assault with intent to commit murder under D.C.Code § 22–503. The statute provides: "Whoever assaults another with intent to commit any other offense which may be punished by imprisonment in the penitentiary [aside from the offenses listed in § 22–501 and § 22–502] shall be imprisoned not more than 5 years." Because murder is not listed among the offenses in § 22–501 or § 22–502, the court stated in *Logan* that assault with intent to commit murder "could be charged under the literal language of § 22–503." 483 A.2d at 675.[4] Appellee contends, however, that such an offense would be inconsistent with the entire legislative scheme for the punishment of assault offenses. Indeed, the *Logan* court itself pointed out the problem with interpreting § 22–503 to allow a charge of assault with intent to murder; such an interpretation "runs counter to the hierarchy, or 'gradient of aggravated assaults' suggested by the statutory scheme." *Id.* at 676 (quoting *Ingram, supra,* 122 U.S.App.D.C. at 337, 353 F.2d at 875). Assault with intent to murder, the most serious form of aggravated

---

**2.** The court also noted that the government's interpretation "could lead to inequitable and anomalous results." *Logan, supra,* 483 A.2d at 674. For example:

A seventeen-year-old youth who committed an assault with a specific intent to kill—but who acted with adequate provocation, justification or excuse—[could] be charged and tried as an adult under § 16–2301(3)(A) only so long as the victim of the assault survived. If the victim died, the crime would be manslaughter and the youth could not be tried as an adult without prior judicial approval pursuant to § 16–2307.

*Id.* at 674–75.

**3.** The remedy, as *Logan* implied, lies with the Council of the District of Columbia.

**4.** Appellee contends that the crime of assault with intent to murder is not "any other offense" since it is contained within the crime of assault with intent to kill mentioned in § 22–501. Further, he argues that in the absence of clarity, the rule of lenity requires a strict construction of the assault statutes. The *Logan* court held, however, that "assault with intent to kill and assault with the intent to commit murder ... involve different—albeit overlapping—states of mind." *Logan, supra,* 483 A.2d at 673. Given this "established distinction" between the two crimes, *id.,* we agree with the trial judge that assault with intent to murder falls within the literal language of § 22–503. *See id.* at 672 n. 10.

assault, would receive a relatively light sentence. Indeed, the offense of assault with intent to kill, which the parties agree is a "lesser included offense" of assault with intent to murder, would nonetheless carry a much greater penalty.

Appellee's contention as well as the trial judge's opinion are not unpersuasive. We conclude, however, that the *Logan* court has effectively rejected that argument. Although as a technical matter the issue was not a holding in the case, the *Logan* court's reasoning depended on the assumption that the United States Attorney would be able to charge a juvenile with the crime of assault with intent to murder under § 22–503.

The defendant in *Logan* made a two-part argument. He argued that the United States Attorney could not prosecute him as an adult by charging him with assault with intent to kill, and that the United States Attorney could charge juveniles with assault with intent to murder under § 22–503. The *Logan* court accepted both arguments, despite some seemingly anomalous results. Indeed, the government's brief in *Logan* made the argument raised by appellee in the instant case:

> Also indicative of Congress' intent is the fact that there is no statutory offense as assault with intent to murder in the District of Columbia.... [The defendant] suggests that an individual could still be charged under § 503 with the common law offense of assault with intent to commit murder. According to [the defendant], this offense would require proof of malice—an additional element not required for proof of assault with intent to kill—but would carry only one-third the penalty. In light of the obvious hierarchical scheme of assault offenses established by the Congress in 1901, however, such an absurd result could not have been intended....

Brief for the government at 14, *Logan,* *supra.* The court in *Logan* noted this

problem, and even characterized the defendant's position as "reducing the applicable punishment [for assault with intent to murder] in a manner inconsistent with the assault provisions of the D.C.Code." *Logan,* *supra,* 483 A.2d at 676. The court nonetheless "adopt[ed the defendant's] interpretation...." The government's petition for rehearing or rehearing en banc was denied by the full court (No. 83–175, April 24, 1985). Under the circumstances, it can only be concluded that the *Logan* court has already considered, and rejected, appellee's challenge to charging assault with intent to murder under § 22–503.

We note, moreover, that although the construction of § 22–503 adopted in *Logan* is problematic, in practice the anomalies are likely to be infrequent. If the United States Attorney wishes to bring an adult prosecution against a juvenile for assault with intent to kill under § 22–501 (in order to seek a more stringent sentence than is available under § 22–503), the Corporation Counsel could file for a judicial transfer pursuant to § 16–2307.[5] As for adults, any time the government could prove assault with intent to murder, it would also be able to prove assault with intent to kill under § 22–501, which authorizes a more stringent sentence. Furthermore, as with other anomalous statutory schemes, the good sense of the sentencing judge can take into consideration the relevant factors that bear on the appropriate punishment. *See United States v. Pearson,* 202 A.2d 392, 393–94 (D.C.1964) (the fact that attempted petit larceny is punishable more harshly than the completed crime does not mean that it cannot be charged under D.C.Code § 22–103, the general attempt statute; "[a]s a practical matter this problem, if problem there be, can easily be handled in each case when the time for sentence arrives").

In sum, under *Logan* we construe § 22–503 to include the offense of assault with intent to murder. This construction gives

---

**5.** At oral argument, the government advised that the United States Attorney's practice is to charge youths in the Criminal Division both with assault with intent to murder under § 22–503 and with assault with intent to kill under § 22–501

as a properly joinable offense. *See* § 16–2301(3)(A) (allowing prosecution in adult court for "any other offense properly joinable with" an enumerated offense). We need not, and do not, consider the propriety of this practice.

effect to Congress' intention in enacting § 16–2301(3)(A) "to authorize the prosecution of certain juveniles as adults only when they are charged with an assault committed with a malicious intent to kill." *Logan, supra,* 483 A.2d at 676. Since appellee was charged with such a crime, we reverse the dismissal of the indictment, and remand the case to the trial court.

*Reversed and remanded.*

**In re J.D.C., Appellant.**